**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**FEB 24 1998**

**PATRICK FISHER**
**Clerk**

FRED CRELEY,

      Petitioner-Appellant,

v.

TIM LEMASTER, Warden, New Mexico
State Penitentiary, and ATTORNEY
GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents-Appellees.

No. 97-2310

(D.C. No. CIV-97-1063-LH)

(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.[**]

---

Petitioner Fred Creley, appearing pro se, appeals the district court's dismissal of

his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court,

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. 34.1.9. The case is therefore ordered submitted without oral argument.

pursuant to Rule 4, Rules Governing Habeas Corpus Cases Under § 2254, concluded that the petitioner was not entitled to any relief and dismissed the petition with prejudice.[1] Our jurisdiction arises under 28 U.S.C. § 2253.[2]  We review a Rule 4 dismissal de novo. Hamburg v. Attorney General of the State of Wyoming, 1994 WL 413258 (10th Cir. 1994) (unpublished) .  Applying this standard, we affirm.

Petitioner, who was apprehended after escaping from a New Mexico state prison, was convicted of escape from custody.  Petitioner was also subjected to prison disciplinary proceedings because of the escape, resulting in the loss of his accrued good time credits.  On August 12, 1997, petitioner filed an application for a writ of habeas corpus in the district court alleging that multiple punishments had been imposed for the same offense in violation of the Double Jeopardy Clause of the Fifth Amendment.  The district court determined that Petitioner's criminal conviction coupled with the prison disciplinary action did not violate the Double Jeopardy Clause and dismissed the complaint.

We have reviewed the parties' briefs, pleadings and the entire record before us and agree with the decision of the district court.  Double jeopardy protections do not apply to prison disciplinary proceedings. Lucero v. Gunter, 17 F.3d 1347, 1351 (10th Cir.

---

[1] Rule 4 provides that a 28 U.S.C. § 2254 petition shall be dismissed "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court...." Rules Governing Habeas Corpus Cases Under § 2254.

[2] We grant Petitioner's request for issuance of a certificate of appealability.

1994).  Furthermore, administrative punishment imposed by prison officials does not render a subsequent criminal proceeding violative of double jeopardy.  United States v. Rising, 867 F.2d 1255, 1259 (10th Cir. 1989).  Accordingly, the judgment of the district court is

AFFIRMED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge